UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PAUL GARNET HILL, ) | |
| ) | |
| Movant, ) | |
| ) | No. 16-1161-JDT-jay |
| VS. ) | Crim. No. 04-10026-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Paul Garnet Hill, through counsel. For the reasons stated below, the Court DENIES the § 2255 motion.[1]

On June 10, 2004, Hill entered a guilty plea to one count of possessing a firearm after conviction of a felony, in violation of 18 U.S.C. § 922(g). (No. 04-10026, Crim. ECF Nos. 17 & 18.) At a sentencing hearing on September 24, 2004, the Court determined that Hill qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 188-month term of imprisonment and a three-year

---

[1] The United States filed a motion to dismiss this § 2255 proceeding as moot based on Hill's release from prison on the original sentence. (ECF No. 11.) However, Hill subsequently violated the conditions of his release. On July 12, 2018, Hill's supervised release was revoked. The Court sentenced him to an additional 21-month term of imprisonment and 12 months of supervised release. (No. 04-10026, Crim. ECF Nos. 74 & 75.) Hill thereafter filed a response opposing the motion to dismiss the § 2255 proceeding. (ECF No. 12.) In light of the Court's denial of relief on the merits, the United States' motion to dismiss need not be addressed and is itself DENIED as moot.

term of supervised release. (No. 04-10026, Crim. ECF Nos. 26 & 28.) On direct appeal, the conviction was affirmed, but the case was remanded for resentencing under *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Hill*, 440 F.3d 292 (6th Cir. 2006). At a resentencing hearing on July 17, 2006, the Court again imposed a 188-month term of imprisonment. (No. 04-10026, Crim. ECF Nos. 45 & 46.) Hill did not file an appeal. He filed a motion pursuant to 28 U.S.C. § 2255 on June 9, 2014, which the Court denied as untimely. *Hill v. United States*, No. 04-1134-JDT-egb, 2014 WL 5460626 (W.D. Tenn. Oct. 27, 2014), *cert. of appealability den.*, No. 14-6390 (6th Cir. May 28, 2015).

The Sixth Circuit subsequently granted leave for Hill to file the present § 2255 motion, in which he challenges his sentence under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.)

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255

Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

Twenty-eight U.S.C. § 2255(f) contains a one-year limitations period:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

. . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

. . . .

The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"), (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses clause"), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). *Id.*, § 924(e)(2)(B)(i)-(ii). In *Johnson v. United States*, the Supreme Court held the ACCA's residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Hill's § 2255 motion based on *Johnson* is timely under 28 U.S.C. § 2255(f)(3).

According to the Presentence Investigation Report (PSR) prepared by the Probation Office in this case, one of the three prior convictions used to determine Hill was an armed career criminal is a 1999 Tennessee conviction for aggravated burglary under Tennessee Code Annotated § 39-14-403. (*See* PSR ¶¶ 23, 38.) The other two convictions are 1993 Tennessee convictions for burglary under § 39-14-402. (*See id.* ¶¶ 23, 31.) In this § 2255 proceeding, Hill contends only that the aggravated burglary conviction no longer qualifies as an ACCA predicate under *Johnson*. He does not challenge the use of the 1993 burglary convictions under the ACCA.[2]

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court held that a prior burglary conviction counts under the ACCA only if it is a "generic" burglary, meaning that it "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598. The Court further held that in determining the applicability of an ACCA enhancement, courts must use the "categorical approach" and "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602.[3]

---

[2] In his direct appeal, Hill argued the 1993 burglaries were not separate offenses under the ACCA because they were committed on the same day. The Sixth Circuit rejected that argument and held the convictions were properly counted as two ACCA predicates. *Hill*, 440 F.3d at 295-98. In his first, untimely § 2255 motion, Hill also sought to challenge the burglary convictions under *Descamps v. United States*, 133 S. Ct. 2276 (2013).

[3] For statutes with a "divisible" structure listing alternative elements that define multiple crimes, some of which are broader than the generic offense and others of which are not, the Supreme Court later approved the "modified categorical approach." *Shepard v. United States*, 544 U.S. 26 (2005). In determining whether a defendant pleading guilty under a divisible statute has "necessarily admitted elements of the generic offense," a sentencing court may look to certain specific information, which "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy . . . in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

It previously was the law in the Sixth Circuit that aggravated burglary under Tennessee Code Annotated § 39-14-403 qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause invalidated by *Johnson*. *See United States v. Sawyers*, 409 F.3d 732 (2005). However, the Sixth Circuit later held, in *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc), that Tennessee's aggravated burglary statute was broader than generic burglary and also indivisible and thus no longer counted as a categorical violent felony under the ACCA. *Id.* at 862. The Supreme Court granted certiorari and reversed, holding that Tennessee aggravated burglary is a categorical violent felony that may be used as an ACCA predicate. *United States v. Stitt*, 139 S. Ct. 399, 406-08 (2018). Therefore, Hill's prior aggravated burglary conviction was properly counted under the ACCA.

Because Hill still has three prior convictions that qualify as violent felonies under the ACCA, he was properly sentenced as an armed career criminal even after the decision in *Johnson*. Hill therefore is not entitled to relief, and the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the movant has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

The issues raised in this § 2255 motion are not debatable for the reasons stated; therefore, the Court DENIES a certificate of appealability. It is also CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that an appeal in this case by Hill would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Hill chooses to appeal, he must either pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit directly in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE